UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD VINCENT RAY, JR.,
(CDCR # F-73521),

        Plaintiff,

  v.

NATHAN HOBBS; and
CHILD PROTECTIVE SERVICES,

        Defendants.
                                            /

No. C 09-252 SI (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Edward Vincent Ray, Jr., currently an inmate at the California State Prison - Solano, filed a pro se civil rights action under 42 U.S.C. § 1983. The court dismissed Ray's complaint with leave to amend, and he later filed an amended complaint. The matter is now before the court for review of Ray's amended complaint under 28 U.S.C. § 1915A.

## BACKGROUND

In his amended complaint, Ray alleges that a child dependency petition was filed under California Welfare & Institutions Code § 300(b) alleging that he and his wife failed to protect their 4-year old daughter. Ray further alleges that only one of the eight listed reasons in support of the petition was proven to be true. He alleges that "once the other 7 were unproven, C.P.S. and Hobbs created various other claims to keep this farce of a case alive." Amended Complaint, p. 2.

1   Ray further alleges that Hobbs and Child Protective Services made false statements in
2  reports that he was unable to provide care to his daughter because he had a substance abuse
3  problem and that they suspected that the daughter had endured some form of sexual abuse. He
4  also alleges that Child Protective Services falsely reported that the family's trailer home had no
5  running water, no working refrigerator, and no toilet facilities. Allegedly as a result of these
6  statements, Ray lost his parental rights, lost his visitation rights, and his wife was awarded sole
7  custody of the daughter. He also alleges that the statements that there was a suspicion that his
8  daughter endured some form of sexual abuse led to an investigation and eventually to him
9  having no further contact with the daughter.

## DISCUSSION

12  A federal court must engage in a preliminary screening of any case in which a prisoner
13  seeks redress from a governmental entity or officer or employee of a governmental entity. See
14  28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss
15  any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,
16  or seek monetary relief from a defendant who is immune from such relief. See id. at
17  1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police
18  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

19  Defamation alone is not a constitutional violation, even when done under color of state
20  law. See Paul v. Davis, 424 U.S. 693, 701-710 (1976). Reputation is not a liberty or property
21  interest protected by the Due Process Clause unless it is accompanied by "some more tangible
22  interests." Id. at 701. "[A]lteration or extinguishment of 'a right or status previously recognized
23  by state law,'" Humphries v. County of Los Angeles, 554 F.3d 1170, 1185 (9th Cir. 2009)
24  (quoting Paul v. Davis, 424 U.S. at 711), or violation of a right specifically secured by the Bill
25  of Rights, Cooper v. Dupnik, 924 F.2d 1520, 1532 n.22 (9th Cir. 1991), constitute such
26  "tangible" interests. This has become known as the "stigma-plus" test. Humphries, 554 F.3d
27  at 1185. There are several ways to meet the "stigma-plus" test, e.g., alleging that the injury to
28  reputation *caused* the denial of a federally protected right, or alleging that the injury to

2

reputation was inflicted *in connection with* a federally protected right, or alleging that the challenged action "creates both a stigma and a tangible burden on an individual's ability to obtain a right or status recognized by state law." Humphries, 554 F.3d at 1188; Cooper, 924 F.3d at 1532. The stigma-plus test cannot be met by alleging collateral consequences of the defamation, such as loss of business, public scorn and potential loss of employment, see Cooper, 924 F.2d at 1534.

Liberally construed, the allegations of the amended complaint state a § 1983 defamation claim against defendants Hobbs and Child Protective Services. The amended complaint alleges that they made defamatory statements, such as that he had a substance abuse problem that prevented him from caring for his daughter, that there was a suspicion of sexual abuse of his daughter, and that the family home had no refrigerator, running water, or toilet. The amended complaint also has allegations, liberally construed, that these statements injured his reputation and caused him to lose parental rights, custody of his daughter, and the ability to visit with his daughter.

The defendant Ray identifies as "Child Protective Services" apparently is a misnomer for, or a division of, the Department of Children and Family Services of the Alameda County Social Services Agency.

## CONCLUSION

For the foregoing reasons,

1. The amended complaint states a claim for relief under 42 U.S.C. § 1983 defamation claim against defendants Nathan Hobbs and the Alameda County Child Protective Services.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following two defendants: (1) Nathan Hobbs (caseworker), and (2) Child Protective Services. Both defendants should be served at the Department of Children and Family Services of the Alameda County Social Services Agency.

3

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **June 11, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **July 16, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶]   Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)

    c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **July 30, 2010**.

4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

4

No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6.  Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: April 2, 2010

_____
SUSAN ILLSTON
United States District Judge

5